IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

KIMBERLY A. DEBO, DAVID R. DEBO, )
HER HUSBAND; )
) 2:21-CV-00811-MJH
Plaintiffs, )
)
vs. )
)
KOHL'S, INC., )
)

Defendant,

OPINION AND ORDER

Plaintiffs, Kimberly A. Debo and David R. Debo, her husband, brings the within action against Defendant, Kohl's, Inc., for claims of Negligence and Loss of Consortium for injuries and damages sustained from a trip and fall incident. (ECF No. 1-2). Kohl's moves for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 31). The parties provided briefs, appendices, and concise statements of material facts. (ECF Nos. 32-36). The matter is now ripe for decision.

For the following reasons, Kohl's Motion for Summary Judgment will be denied.

I. Background

In support of its Motion for Summary Judgment, Kohl's filed a Concise Statement of Material Facts. (ECF No. 32). The Debos did not separately file a response to said statement. Thus, pursuant to Local Rule 56, the Court will deem Kohl's Concise Statement of Material Facts admitted for purposes of deciding this motion. LCvR 56.E.

Defendant Kohl's, Inc. operated and maintained the Kohl's department store located at 88 Rocky Road, North Huntingdon, Westmoreland County, Pennsylvania. (ECF No. 32 at ¶ 1). On the evening of June 27, 2017, Kimberly Debo was at the Kohl's store in North Huntingdon to purchase towels. *Id*. at ¶ 2. After parking, Ms. Debo exited her car and proceeded to start to

walk into Kohl's. *Id*. at ¶ 5. She walked across the parking lot and as she started leaving that surface onto an entrance ramp that leads into Kohl's, the toe part of her shoe caught on an elevated section of the surface causing her to fall. *Id*. at ¶ 6.

Following the incident, Ms. Debo went to the Kohl's store after her incident with her attorney who took photographs, which demonstrated an elevated section of a concrete edge where her toe caught. *Id*. at ¶¶ 8-9. The Debos secured a report from Kurt Whitling, P.E., who inspected the site on November 12, 2021 and opined that the offset between the parking lot and the curb was between 7/16" and 13/16". *Id*. at ¶ 13. Mr. Whitling opined that at both one and two feet from the right edge of the entrance ramp the offset between the parking lot and the curb was 5/8". *Id*. at ¶ 14. 15. Further, Mr. Whitling opined that at three feet from the right edge of the entrance ramp the offset between the parking lot and the curb was 7/16". *Id*. at ¶ 15. The Debos asserted a theory of negligence against Kohl's for allowing a dangerous condition consisting of uneven pavement to exist on its premises. *Id*. at ¶ 16.

Kohl's moves for summary judgment on the basis that the alleged defect on its premises is not actionable as a matter of law.

II.     Relevant Standard

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id*. In reviewing and evaluating the evidence to rule upon a

motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.,* 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Discredited testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id*. at 256-57 (internal citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (internal citations omitted). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id*. at 251 (internal citation omitted).

    III.    Discussion

Kohl's argues that the Debos's claims fail as a matter of law because the evidence of record establishes that the condition at issue was de minimus/trivial such that the same is not actionable. The Debos contend that the facts and evidence do not support a finding that the alleged defect was not "obviously" trivial as required to grant summary judgment.

Pennsylvania courts long have recognized that a landowner owes a duty to business invitees to keep premises safe. *See Kulka v. Nemirovsky*, 314 Pa. 134, 170 A. 261, 262 (1934). In evaluating this duty, Pennsylvania courts have largely avoided assigning any dividing line between trivial and non-trivial defects, whether along the railways or on streets or sidewalks, and whether on municipal or commercial properties. *Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 87 (Pa. Super. Ct. 2015). In *Reinoso*, the Pennsylvania Superior Court observed "whether a sidewalk defect is trivial is not simply a matter of the size or measurement of the defect when there are genuine issues of material fact based on the surrounding circumstances." *Id*. at 89-90. *Reinoso* reversed summary judgment on triviality where there were not only height differentials but also expert testimony that the height differential exceeded safety standards. *Id*.

Here, the Debos's expert identified height differentials between the subject walking surfaces and that said differentials exceed ASTM F1637 safety standards. While Kohl's identifies many cases where height differentials approximating those in this case have been deemed trivial, all pre-date *Reinoso*, and without appellate guidance to the contrary, this Court cannot endorse a *per se* rule on triviality and supplant the purview of the jury to evaluate the surrounding circumstances of this case. Therefore, the issue of triviality presents a question of fact for the jury that precludes the entry of summary judgment.

Accordingly, Kohl's Motion for Summary Judgment will be denied.

ORDER

Following consideration of the foregoing and for the reasons stated, Kohl's Motion for Summary Judgment (ECF No. 31) is denied. The parties are hereby directed to confer as to the desirability to return to mediation, and on or before February 15, 2024, the parties shall file a joint status report advising the Court if they are returning to mediation, and if so, a timeline for

the same.  Following receipt of the status report, the Court will schedule an initial pre-trial conference.

Date:   February 8, 2024

                                                  Marilyn J. Horan
                                                  United States District Judge